FRED GRETSCH MFG. CO. ET AL. v. UNITED STATES

No. 7929.—

Entry No. 32125, etc.

(Decided January 9, 1951)

Siegel, Mandell & Davidson (Sidney Mandell of counsel) for the plaintiffs.
David N. Edelstein, Assistant Attorney General (Richard E. FitzGibbon, special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the mer-

chandise subject of the reappraisement appeals noted on the schedule attached hereto and made a part hereof, consists of accordians [sic] and other musical instruments exported from Italy, and that the proper dutiable value of said merchandise is the export value as defined in Section 402–(d) of the Tariff Act of 1930, and that at the time of exportation of the merchandise covered by said reappraisements, such or similar merchandise was freely offered for sale to all purchasers for export to the United States in the principal markets of Italy in the usual wholesale quantity and in the ordinary course of trade, plus, when not included in such price, the cost of containers and coverings of whatsoever nature and or other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States at the entered and appraised values less the additions made under Section 503 to meet advances by the Appraiser in similar cases.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign market value for the merchandise herein on the dates of exportation.

IT IS FURTHER STIPULATED AND AGREED that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered and appraised values, less the additions made under section 503 of the Tariff Act of 1930 to meet advances by the appraiser in similar cases.

Judgment will be rendered accordingly.